UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAODING TIANWEI GROUP CO., LTD., <br> Plaintiff, <br> v. <br> PACIFICORP, <br> Defendant. | Case No. 16-mc-80116-TSH <br><br> **REPORT & RECOMMENDATION RE: MOTION TO AMEND JUDGMENT** <br> Re: Dkt. No. 5 |

## I. INTRODUCTION

Judgment Creditors Baoding Tianwei Group Co., Ltd. and Baoding Tianwei Baobian Electric Co., Ltd. (collectively, "Baoding"), move this Court for an order amending the judgment (the "Oregon Judgment") entered in the United States District Court for the District of Oregon, Case No. 07-CV-00862-HU (the "Oregon Federal Case") and registered in this District against Judgment Debtors Winbo International Corp. and Super Power Equipment Company to include their owners and principals Jerry Ni, his wife Lai Zhen Liu and their daughter Lucy Ni (collectively, the "Ni Family") as additional judgment debtors. ECF No. 5. The Ni Family filed oppositions (ECF Nos. 12-15)) and Baoding filed replies (ECF Nos. 21, 24). The undersigned finds this matter suitable for disposition without oral argument and **VACATES** the July 18, 2019 hearing. *See* Civ. L.R. 7-1(b).

Because not all parties have consented to magistrate judge jurisdiction, the Clerk of Court shall **REASSIGN** this case to a district court judge for disposition. Having considered the parties' positions, relevant legal authority, and the record in this case, the undersigned **RECOMMENDS** the Court **DENY** Baoding's motion for the following reasons.

## II. BACKGROUND

Tianwei Group filed the Oregon Federal Case against PacifiCorp on June 11, 2007, seeking payment it alleged was owed under a written purchase agreement for power transformer goods with PacifiCorp. *See Baoding Tianwei Group Co. Ltd. v. PacifiCorp*, 3:07-cv-00862-HU, Oregon Federal Case ECF No. 1 (Compl.).[1] On July 17, 2007, PacifiCorp moved to join Winbo and Super Power as third party defendants on the grounds that it had made all payments owed to Tianwei Group to Winbo and Super Power, and that Tianwei Group should therefore seek recovery from those companies. *Id.*, ECF No. 9. The court granted PacifiCorp's motion on July 19, 2007. *Id.*, ECF No. 12.

On March 14, 2008, Winbo and Super Power appeared in the Oregon Federal Case and counterclaimed against Tianwei Group. *Id.*, ECF No. 43. Winbo and Super Power also moved to stay the litigation between themselves and Tianwei Group and to compel arbitration of any disputes in China. *Id.*, ECF No. 44. On September 10, 2008, the court granted Winbo and Super Power's motion to stay. *Id.*, ECF No. 94. As part of the same order, the court also granted summary judgment for PacifiCorp on the grounds that all payments due to Tianwei Group had been made to Winbo or Super Power. *Id.*

Over the next two years, Tianwei Group filed two unsuccessful motions to lift the stay imposed on the Oregon Federal Case. *Id.*, ECF Nos. 109, 124, 134, 154. At the same time, the parties attempted to arbitrate the matter in China, but that arbitration did not proceed and Winbo and Super Power's counsel subsequently moved to withdraw, which the court granted. *Id.*, ECF Nos. 189, 196; *see also* Request for Judicial Notice ("RJN"), Exs. A & B, ECF No. 7. Shortly thereafter, on April 24, 2013, the court lifted the stay and allowed Tianwei Group to file and amend its counterclaims against Winbo and Super Power. RJN ¶¶ 9-10, Exs. C & D.

On September 26, 2014, the court granted Tianwei Group's motion for default judgment against Winbo and Super Power in the amount of $7,460,669.87 exclusive of interest, costs and fees. RJN ¶ 11, Exs. H & I. The total sum awarded as of the date of the judgment was over $14

---

[1] The Court takes judicial notice of the documents filed in the Oregon Federal Case. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

million dollars. *Id.*, Ex. I.

On December 7, 2015, Tianwei Group filed an action in Alameda County Superior Court against the Ni Family, which includes a claim for declaratory relief as to alter ego liability of the Ni Family for the Oregon Judgment. *See Baoding Tianwei Group Co. Ltd. v. Ni*, RG15795795 (the "State Court Action"), Compl.[2] The Alameda County Case is currently set for trial on January 13, 2020. *Id.*, 3/25/2019 Case Management Order.

On May 27, 2016, Baoding recorded the Oregon Judgment in this District, as well as an assignment through which Tianwei Baobian joined as a judgment creditor. ECF Nos. 1-2. As part of the enforcement of the Oregon Judgment, Baoding issued judgment debtor interrogatories to Winbo and Super Power. Woo Decl. ¶ 3, Exs. 1-1 (Winbo Resps.) & 1-2 (Super Power Resps.), ECF No. 6. In their responses, Winbo and Super Power identified Jerry Ni as CEO from 8/21/1997 to 11/12/2009, Lai Zhen Liu as Secretary and CFO from 8/21/1997 to 11/12/2009, and Lucy Ni as CEO, Secretary and CFO from 11/12/2009. *Id.*, Resp. to Interrog. No. 3 (both).

Baoding filed the present motion on May 9, 2019, seeking to add the Ni Family as additional judgment debtors.

### III. LEGAL STANDARD

**A. Motion to Add Judgment Debtor**

Federal Rule of Civil Procedure 69(a) "empowers federal courts to rely on state law to add judgment-debtors" to money judgments. *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999). Under Rule 69(a)(1), federal district courts in California may apply California Code of Civil Procedure section 187 "to amend a judgment to add additional judgment debtors" as long as two requirements are met: "'(1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns.'" *In re Levander*, 180 F.3d at 1121 (quoting *Triplett v. Farmers Ins. Exch.*, 24 Cal. App. 4th 1415, 1421 (1994)). "Section 187 is premised on the notion that [an] amendment [adding a judgment debtor] 'is merely inserting the correct name of the real defendant,' such that

---

[2] The Court takes judicial notice of the documents filed in the Alameda County Case. Fed. R. Evid. 201(b); *Reyn's Pasta Bella,* 442 F.3d at 746 n.6.

3

1  adding a party to a judgment after the fact does not present due process concerns." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004) (quoting *In re Levander*, 180 F.3d at 1122-23. The moving party bears the burden of proof by a preponderance of the evidence. *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280 (2016).

### B. Foreign Judgments

A judgment entered in any district court "may be registered by filing a certified copy of the judgment in any other district." 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* Thus, once a judgment from another district court is filed in this District, this Court has authority to amend the judgment to add additional judgment debtors under Rule 69(a) and section 187. *See Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D. Cal. 2012) (allowing amendment to add alter ego judgment debtors under section 187 for Northern District of Illinois judgment registered in this District), *aff'd sub nom. Bank of Montreal v. Salyer*, 599 F. App'x 706 (9th Cir. 2015); *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 2013 WL 10967406, at *2 (C.D. Cal. Nov. 26, 2013) (finding court had authority to amend judgment entered in the Eastern District of Michigan and registered in the Central District of California because the petitioner registered its judgment there, vesting the court with authority to amend under Rule 69(a) and section 187).

## IV.   DISCUSSION

As a preliminary matter, the Ni Family raises two procedural arguments against Baoding's motion. First, in his separate opposition,[3] Jerry Ni argues the Court is without jurisdiction to consider Baoding's motion because Rule 59(e) requires a party to move to have a court amend its judgment within 28 days after the entry of judgment. ECF No. 12 at 4. However, a request under Rule 69(a) is not subject to the 28-day time limit of Rule 59(e) because adding a party to a judgment is not a substantive amendment going to the merits of the case. *Cigna Prop. & Cas. Ins.*

---

[3] Jerry Ni filed a separate opposition, ECF No. 12, but Lai Zhen Liu and Lucy Ni filed joinders in which they adopt his arguments. ECF Nos. 13, 14.

4

1 *Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998); *United States ex rel. Hoggett v. University of Phoenix*, 863 F3d 1105, 1108 (9th Cir. 2017) (motion that does not request substantive change of mind by court is not Rule 59(e) motion). Thus, the undersigned finds Jerry Ni's argument is without merit.

Second, in her separate opposition, Lucy Ni argues the Oregon Judgment was erroneously entered because Baoding lacked standing to pursue its claims. ECF No. 15 at 4-5. However, that argument is not properly before this Court because no party has brought an independent action for relief from the Oregon Judgment. Rule 60(b) permits a court to relieve a party from a final judgment "[o]n motion and just terms." Any such motion must also comply with Civil Local Rule 7, which requires any written request for an order be made by duly noticed motion. Thus, Ni's attempt to void the judgment as part of her opposition to Baoding's motion is improper. Regardless, while it is well settled that "[a] court of registration has jurisdiction to entertain motions challenging the underlying judgment," such motions are "disfavored." *F.D.I.C. v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996) (citations omitted). "Registering courts generally prefer litigants to bring motions for postjudgment relief in the rendering court." *Id.* Moreover, the Ninth Circuit has "instructed that 'considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court.'" *Delson Group, Inc. v. GSM Ass'n*, 570 Fed. App'x 690, 691 (9th Cir. Apr. 21, 2014) (citing *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964)). "When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court . . . ." *Treadaway v. Acad. of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1422 (9th Cir. 1986); *see also Indian Head Nat. Bank of Nashua v. Brunelle*, 689 F.2d 245, 249 (1st Cir. 1983) (the most important policy supporting deference by the court of registration to the rendering court is "the reluctance of any federal court to interfere with the judgment of a court of coordinate level"). Here, this Court is not as familiar with the facts, legal issues, and the parties involved in the underlying dispute as the Oregon District Court, which presided over the case for over seven years. Thus, because no party has brought an independent action for relief from the Oregon Judgment, and in consideration of

5

the policy concerns outlined above, the undersigned **RECOMMENDS** the Court not entertain Lucy Ni's argument. *See Treadaway*, 783 F.2d at 1422 ("Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court."); *Aaronian*, 93 F.3d at 639 ("Courts of appeals review with deference a registering court's decision to defer to the rendering court, if they review them at all."); *Rowe v. Reeves*, 2017 WL 10562583, at *3 (C.D. Cal. Oct. 31, 2017) ("The Court did not enter the original Judgment here and is not familiar with the facts, legal issues, or the parties involved in the underlying dispute.").

Turning to the merit of Baoding's motion, even assuming that members of the Ni Family are the alter egos of Winbo and Super Power (and the undersigned makes no such determination here), due process concerns require Baoding to show they controlled the Oregon Federal Case "'with a diligence corresponding to the risk of personal liability that was involved.'" *Katzir's Floor*, 394 F.3d at 1150 (9th Cir. 2004) (quoting *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 779 (1989)). "Control of the litigation sufficient to overcome due process objections may consist of a combination of factors, usually including the financing of the litigation, the hiring of attorneys, and control over the course of the litigation." *NEC Elecs.*, 208 Cal. App. 3d at 781 (citation and quotation marks omitted). Put more broadly, the alter ego must have been "actively involved" in the underlying lawsuit such that he can be said to have had an opportunity to protect his individual interests. *Id.*

Baoding argues the Ni Family controlled the Oregon Federal Case "by virtue of their complete control over the Original Judgment Debtors as shareholders, managers and directors for the two corporations." Mot. at 19. However, the Oregon Judgment against Winbo and Super Power is a default judgment. "[D]ue process concerns take on an even greater importance where the underlying litigation resulted in a default judgment or was otherwise not contested." *Directi Internet Sols. Pvt. Ltd. v. Dhillon*, 2014 WL 3057514, at *1 (E.D. Cal. July 7, 2014) (citations omitted); *Wolf Metals Inc. v. Rand Pac. Sales, Inc.*, 4 Cal. App. 5th 698, 703 (2016) ("In the case of default judgments, the application of the alter ego doctrine is subject to a limitation arising from considerations of due process.").

In *Motores De Mexicali, S. A. v. Superior Court In and For Los Angeles County*, the plaintiff sued a corporation on an unpaid loan debt, obtained a default judgment, and thereafter sought to add three individuals as judgment debtors on an alter ego theory. 51 Cal. 2d 172, 173-74 (1958). The California Supreme Court held that the Fourteenth Amendment of the United States Constitution precluded the modification because the Due Process Clause "guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses." *Id.* at 176. To summarily add the proposed debtors to the judgment "without allowing them to litigate any questions beyond their relation to the allegedly alter ego corporation would patently violate this constitutional safeguard." *Id.*

Here, although the Oregon Judgment is based on Winbo and Super Power's default, Baoding argues the Ni Family "wholly participated in and directed an aggressive strategy in the underlying litigation with able outside counsel . . . and successfully dragged out the Oregon case for nearly six years until the delay and forum diversion strategy failed." Mot. at 21. "When it became clear that the litigation would have to be decided on the merits in the Oregon federal court," the Ni Family "caused their counsel to withdraw and willingly allowed a default judgment to be entered by informing their counsel (who in turn informed the Oregon federal court) that the Judgment Debtor Entities would not be defending against Baoding's claims." *Id.* (citing RJN, Exs. A and B). However, California cases after *Motores* have applied the due process rule even where the judgment arose from the corporate defendant's failure to litigate its defenses, rather than from a true default.

In *NEC Electronics*, the plaintiff sued a corporation for nonpayment of purchased goods, and the corporation initially appeared and filed a general denial. 208 Cal. App. 3d at 775. Prior to trial, the corporation's CEO and sole shareholder contemplated the corporation's potential bankruptcy and on the day before trial, the corporation notified plaintiff it would not be appearing. *Id.* The trial went forward without the defendant and the court entered judgment against it. *Id.* at 775-76. The plaintiff then moved under section 187 to add the CEO/sole shareholder to the judgment, which the trial court granted. *Id.* at 776. The Court of Appeals reversed, finding that *Motores* controlled and that since the corporation did not appear at trial, the judgment was

uncontested and the proposed debtor's interests had not been represented. *Id.* at 780. The appellate court also noted that the CEO "was not named as a party, had no risk of personal liability and therefore was not required to intervene." *Id.* at 780-81. Because the interests of the corporation and CEO were different, "we cannot say that [the CEO] had occasion to conduct the litigation with a diligence corresponding to the risk of personal liability that was involved or that [the CEO] was virtually represented in the lawsuit." *Id.* at 781. *NEC Electronics* was followed by the Ninth Circuit in *Katzir's Floor*, which held that it "represents the law that the California Supreme Court would apply if faced with this issue." 394 F.3d at 1150.

In *Wolf Metals*, the plaintiff sued a corporate defendant for breach of contract, and as in *NEC Electronics*, the corporation appeared and answered the complaint. 4 Cal. App. 5th at 701. The corporate defendant thereafter filed a bankruptcy action, but the bankruptcy case was summarily closed, apparently without a discharge of the claimed debts. *Id.* Counsel for the corporate defendant thereafter stopped appearing in the breach of contract case. *Id.* The trial court ordered its answer stricken and entered default judgment. *Id.* at 701-02. The trial court subsequently granted a motion to add the corporate defendant's president to the judgment on an alter ego theory. *Id.* at 702. However, the Court of Appeal reversed, finding that although the corporate defendant filed an answer, it "failed to present an evidence-based defense before judgment was entered against it." *Id.* at 708 & n.4. Accordingly, under *Motores* and *NEC Electronics*, the court found it was error to add the purported alter ego as a judgment debtor. *Id.* at 708-09.

Here, too, Winbo and Super Power appeared in the Oregon Federal Case but, as default judgment was entered against them, they did not have a "full and fair opportunity" to defend themselves through a trial on the merits. Moreover, as in *NEC Electronics* and *Wolf Metals*, the Ni Family was not named in the Oregon Federal Case and the undersigned therefore cannot conclude that they had occasion to present an evidence-based defense and conduct the proceedings "with a diligence corresponding to the risk" for them personally. To summarily add the Ni Family to the judgment without allowing them to litigate any questions beyond their relation to Winbo and Super Power "would patently violate [the due process] constitutional safeguard." *Motores*, 51

8

Cal. 2d at 176; *see also Directi*, 2014 WL 3057514, at *2 (denying motion to add judgment debtors under section 187 because plaintiff obtained a default judgment against the original judgment debtors, and there was therefore no defense for the proposed judgment debtors to control); *RSR Corp. v. Aaron Ferer & Sons Co.*, 2014 WL 12810042, at *3 (C.D. Cal. Jan. 2, 2014) ("Similarly, here the Court entered default judgment against I.G.R. after it failed to defend itself in the action and the suit did not name Ross as a party. Thus, Ross had no personal liability in the action. Therefore, the Court concludes that on the basis of the record before it, to add Ross as a judgment debtor would violate due process.") (citing *Katzir's Floor*, 394 F.3d at 1150); *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2009 WL 347005, at *5 (S.D. Cal. Feb. 5, 2009) (denying motion to extend default judgment to nonparty under section 187); *Surgibit IP Holdings Pty, Ltd v. Ellis*, 2015 WL 6128625, at *6 (N.D. Ill. Oct. 14, 2015) (same).

In the alternative, Baoding argues that, even in the absence of alter ego, the Oregon Judgment may be amended if the equities favor the amendment and it is necessary to prevent injustice. Mot. at 20. However, the undersigned finds that equitable considerations also weigh against Baoding. Despite arguing the Ni Family solely owned Winbo and Super Power, and that they fully controlled the Oregon Federal Case litigation, *id.* at 9, 19, Baoding fails to explain why it never sought to join the Ni Family as parties to the Oregon Federal Case. *See Eldorado Stone*, 2009 WL 347005, at *4 (finding failure to add parties to original case weighed against adding nonparties under section 187) (citing *Alexander v. Abbey of the Chimes*, 104 Cal. App. 3d 39, 47-48 (1980)). Further, Baoding admits that the Alameda County Case, which is currently set for trial in January 2020, involves a claim for declaratory relief as to alter ego liability of the Ni Family for the Oregon Judgment and that "the Alameda Superior Court action would be moot if this motion is granted." Woo Decl. ¶ 4. Baoding fails to show any injustice that would result from permitting that case to go forward with the Ni Family having a full opportunity to defend themselves. While Baoding might prefer to resolve the matter in the context of this more limited motion, "[d]ifficulty in enforcing a judgment or collecting a debt does not satisfy" the standard for alter ego liability. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000); *see also Eldorado Stone*, 2009 WL 347005, at *4 ("Rather than present its case to the trier of fact at the time of trial

to resolve the substantial and disputed material issues of fact, Eldorado seeks to circumvent Proposed Judgment Creditors' due process rights to be heard by the trier of fact and to present evidence in support of their defenses. This is particularly true where the evidentiary record fails to establish that Proposed Judgment Creditors participated or controlled the litigation in a manner consistent 'with a diligence corresponding to the risk of personal liability that was involved.'") (quoting *NEC Elecs.*, 208 Cal. App. 3d at 779).

In sum, the undersigned finds that Baoding fails to establish that an amendment to the judgment is warranted under the circumstances.

## V. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the Court **DENY** Baoding's motion to amend judgment to add the Ni Family as additional judgment debtors.

Baoding shall serve a copy of this Report and Recommendation upon any parties that have not appeared in this case and file proof of service thereafter. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: June 12, 2019

THOMAS S. HIXSON
United States Magistrate Judge